# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0821V
### Filed: June 18, 2019
UNPUBLISHED

KAREN HOPSEKER,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for*
  *petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 19, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury, specifically Parsonage Turner Syndrome, causally related to an adverse reaction to the influenza vaccination she received on November 5, 2014. Petition at ¶¶ 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 21, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for shoulder injury related to vaccine administration ("SIRVA"). On June 18, 2019, respondent filed a proffer on award of compensation ("Proffer")

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

indicating petitioner should be awarded $80,000.00, representing compensation for her actual pain and suffering.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $80,000.00, representing compensation for her actual pain and suffering in the form of a check payable to petitioner, Karen Hopseker.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
                                        )
KAREN HOPSEKER,                         )
                                        )
                 Petitioner,            )
                                        )        No. 17-821V (**ECF**)
v.                                      )        Chief Special Master Dorsey
                                        )
SECRETARY OF HEALTH                     )
AND HUMAN SERVICES,                     )
                                        )
                 Respondent.            )
_____)

**PROFFER ON AWARD OF COMPENSATION[1]**

I.      **Procedural History**

On June 19, 2017, Karen Hopseker ("petitioner") filed a Petition ("Petition") for

compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C.

§§ 300aa-1 to -34 ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury

related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccination in

her left shoulder on November 5, 2014. Petition at 1.

On December 21, 2018, respondent filed a Vaccine Rule 4(c) Report concluding that

petitioner suffered a SIRVA as defined by the Vaccine Injury Table, and on December 21, 2018,

the Court found petitioner entitled to compensation.

II.     **Items of Compensation**

The parties agree that based upon the evidence of record, petitioner is entitled to

compensation for actual pain and suffering. Therefore, respondent proffers that petitioner should

_____

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after
the Damages Decision is issued.

be awarded actual pain and suffering damages as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  Respondent proffers that the appropriate award for petitioner's actual pain and suffering is $80,000.00.  Petitioner agrees.

## III.      Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of $80,000.00, representing compensation for actual pain and suffering, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0274
Email: Robert.P.Coleman@usdoj.gov

DATED:   June 18, 2019